UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARIE JEAN SCHMIDT,<br><br>                      Plaintiff,<br><br>  v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>                    Defendant. | Case No. 3:14-cv-06008-KLS<br><br>ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff has brought this matter for judicial review of defendant's determination that plaintiff was no longer eligible for disability insurance and supplemental security income ("SSI") benefits. Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. After reviewing the parties' briefs and the remaining record, the Court hereby finds that for the reasons set forth below, defendant's decision to end benefits should be reversed and this matter should be remanded for further administrative proceedings.

FACTUAL AND PROCEDURAL HISTORY

In a determination dated March 20, 2009, plaintiff was found disabled as of February 16, 2010. *See* Dkt. 10, Administrative Record ("AR") 13. On May 21, 2012, it was determined that plaintiff was no longer disabled as of October 1, 2011. *See id*. This determination was upheld upon reconsideration after a disability hearing by a state agency Disability Hearing Officer. *See*

ORDER - 1

*id.* A hearing was held before an administrative law judge ("ALJ") on March 20, 2013, at which plaintiff, represented by counsel, appeared and testified, as did a vocational expert. *See* AR 36-88.

In a decision dated May 10, 2013, the ALJ determined that plaintiff's disability ended as of October 1, 2011, and that she had not become disabled since that date. *See* AR 10-35. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on October 21, 2014, making that decision the final decision of the Commissioner of Social Security (the "Commissioner"). *See* AR 1-7; 20 C.F.R. § 404.981, § 416.1481. On January 2, 2015, plaintiff filed a complaint in this Court seeking judicial review of the Commissioner's final decision. *See* Dkt. 3. The administrative record was filed with the Court on May 15, 2015. *See* Dkt. 10. The parties have completed their briefing, and thus this matter is now ripe for the Court's review.

Plaintiff argues defendant's decision to end benefits should be reversed and remanded for an award of benefits, or alternatively for further administrative proceedings, because the ALJ erred:

(1) in evaluating the opinion and other evidence from Kathleen S. Mayers, Ph.D., Ed Herman, LICSW, W. Thomas Miller, ARNP, Gary Gaffield, D.O., and mental health counselor Darly Wath;

(2) in discounting plaintiff's credibility;

(3) in rejecting the lay witness evidence in the record;

(4) in assessing plaintiff's residual functional capacity ("RFC"); and

(5) in finding plaintiff to be capable of performing other jobs existing in significant numbers in the national economy.

For the reasons set forth below, the Court agrees the ALJ erred in evaluating the opinion of Dr. Mayers – and thus in assessing plaintiff's RFC and in finding her to be capable of performing

ORDER - 2

other jobs existing in significant numbers in the national economy – and therefore in determining plaintiff to be not disabled. Also for the reasons set forth below, however, the Court recommends that while defendant's decision to end benefits should be reversed on this basis, this matter should be remanded for further administrative proceedings.

## DISCUSSION

The determination of the Commissioner that a claimant is not disabled must be upheld by the Court, if the "proper legal standards" have been applied by the Commissioner, and the "substantial evidence in the record as a whole supports" that determination. *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Commissioner of Social Security Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v. Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (*quoting*

ORDER - 3

*Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)).[1]

I.     <u>The ALJ's Evaluation of Dr. Mayers' Opinion</u>

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). In such cases, "the ALJ's conclusion must be upheld." *Morgan v. Commissioner of the Social Security Admin.*, 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." *Id.* at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." *Reddick*, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* The ALJ also may draw inferences "logically flowing from the evidence." *Sample*, 694 F.2d at 642. Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989).

---

[1] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

*Sorenson*, 514 F.2d at 1119 n.10.

ORDER - 4

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* at 830-31. However, the ALJ "need not discuss *all* evidence presented" to him or her. *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). The ALJ must only explain why "significant probative evidence has been rejected." *Id.*; *see also Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981); *Garfield v. Schweiker*, 732 F.2d 605, 610 (7th Cir. 1984).

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. *See Lester*, 81 F.3d at 830. On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." *Batson*, 359 F.3d at 1195; *see also Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." *Lester*, 81 F.3d at 830-31. A non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." *Id.* at 830-31; *Tonapetyan*, 242 F.3d at 1149.

In September 2011, Dr. Mayers evaluated plaintiff, and based on that evaluation opined that she "is probably able to socialize with others and would be able to interact with others in the workplace, although anxiety has been a problem for her, and she would function best in a work-related situation that does not include anyone else or more than one or two people." AR 463. In his decision the ALJ stated that Dr. Mayers' opinion had been given "great weight," because she

had "thoroughly examined" plaintiff and because her opinion was "generally consistent with her clinical findings." AR 25. The ALJ also stated, however, that "the balance of medical evidence supports the mental limitations set forth in the" the ALJ's RFC assessment, which included the limitation that plaintiff not be required to have "**more than occasional superficial interaction with coworkers or the general public**." AR 20, 25 (emphasis in original).

The Court agrees with plaintiff that the ALJ erred in evaluating Dr. Mayers' opinion. First, the limitation to no more than occasional superficial interaction with coworkers or the general public the ALJ adopted, very well could allow for interaction with more than one or two people. Citing the Ninth Circuit's recent decision in *Rounds v. Commissioner Social Security Admin.*, 795 F.3d 1177 (9th Cir. 2015), defendant argues Dr. Mayers' statement that plaintiff would "function best in a work-related situation that does not include anyone else or more than one or two people" is not an functional limitation, but merely a recommendation that need not be included in the ALJ's RFC assessment.

It is true that in *Rounds* the Ninth Circuit stated that "[a]n ALJ may rationally rely on specific imperatives regarding a claimant's limitations, rather than recommendations." *Id.* at 1185. But in that case the plaintiff had argued the ALJ erred in rejecting some of the treatment recommendations one physicians had made, which the Court of Appeals distinguished from the "formal conclusions" set out in a separate section of that physician's report, in regard to which the plaintiff did not contend the ALJ erred. *Id.* Here, though, Dr. Mayers' statement – although expressed as a "would function best" opinion – was included in the "Medical Source Statement" section of her evaluation report, which contained her formal conclusions. *See* AR 463.

As such, the Court finds that statement is much more in the vein of a functional limitation the ALJ either must adopt or properly reject, rather than merely a recommendation. Second, the

ORDER - 6

ALJ failed to adequately explain why the balance of the medical evidence in the record did not support the functional limitations Dr. Mayers assessed or what that evidence is. Thus, here too the ALJ failed to provide a valid reason for rejecting those limitations. *See Garrison v. Colvin*, 759 F.3d 995, 1012-13 (9th Cir. 2014) ("[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion.").

II.     The ALJ's Assessment of Plaintiff's Residual Functional Capacity

Defendant employs a five-step "sequential evaluation process" to determine whether a claimant is disabled. *See* 20 C.F.R. § 404.1520; 20 C.F.R. § 416.920. If the claimant is found disabled or not disabled at any particular step thereof, the disability determination is made at that step, and the sequential evaluation process ends. *See id.* If a disability determination "cannot be made on the basis of medical factors alone at step three of that process," the ALJ must identify the claimant's "functional limitations and restrictions" and assess his or her "remaining capacities for work-related activities." Social Security Ruling ("SSR") 96-8p, 1996 WL 374184 *2. A claimant's RFC assessment is used at step four to determine whether he or she can do his or her past relevant work, and at step five to determine whether he or she can do other work. *See id.*

Residual functional capacity thus is what the claimant "can still do despite his or her limitations." *Id.* It is the maximum amount of work the claimant is able to perform based on all of the relevant evidence in the record. *See id.* However, an inability to work must result from the claimant's "physical or mental impairment(s)." *Id.* Thus, the ALJ must consider only those limitations and restrictions "attributable to medically determinable impairments." *Id.* In assessing

ORDER - 7

a claimant's RFC, the ALJ also is required to discuss why the claimant's "symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical or other evidence." *Id.* at *7.

The ALJ in this case found that plaintiff had the RFC to perform:

> **. . . light work . . . that does not require standing or walking for more than 4 hours in a work day; that does not require sitting for more than 6 hours in a work day; that does not require more than occasional climbing, balancing, stooping, kneeling, crouching, or crawling; that does not require exposure to hazards such as unprotected heights or heavy equipment; and that is low stress meaning it consists of simple routine tasks, that do not require more than occasional superficial interaction with coworkers or the general public, and that do not require the exercise of more than rudimentary judgment.**

AR 20 (emphasis in original). But because as discussed above the ALJ erred in evaluating the opinion of Dr. Mayers, the ALJ's RFC assessment cannot be said to completely and accurately describe all of plaintiff's mental functional limitations and thus to be supported by substantial evidence or free of error.

III.     The ALJ's Step Five Determination

If a claimant cannot perform his or her past relevant work, at step five of the disability evaluation process the ALJ must show there are a significant number of jobs in the national economy the claimant is able to do. *See Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999); 20 C.F.R. § 404.1520(d), (e), § 416.920(d), (e). The ALJ can do this through the testimony of a vocational expert or by reference to defendant's Medical-Vocational Guidelines (the "Grids"). *Osenbrock v. Apfel*, 240 F.3d 1157, 1162 (9th Cir. 2000); *Tackett*, 180 F.3d at 1100-1101.

An ALJ's findings will be upheld if the weight of the medical evidence supports the hypothetical posed by the ALJ. *See Martinez v. Heckler*, 807 F.2d 771, 774 (9th Cir. 1987); *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984). The vocational expert's testimony therefore must be reliable in light of the medical evidence to qualify as substantial evidence. *See*

ORDER - 8

*Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988). Accordingly, the ALJ's description of the claimant's disability "must be accurate, detailed, and supported by the medical record." *Id.* (citations omitted). The ALJ, however, may omit from that description those limitations he or she finds do not exist. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

At the hearing, hypothetical questions were posed to a vocational expert containing substantially the same limitations as were included in the ALJ's assessment of plaintiff's RFC. *See* AR 77-79. In response thereto, the vocational expert testified that an individual with those limitations – and with the same age, education, and work experience as plaintiff – would be able to perform the jobs of small products assembler, electronics worker and table worker. *See id*. Based on the vocational expert's testimony, the ALJ found plaintiff to be capable of performing other jobs existing in significant numbers in the national economy. *See* AR 27-28. But because as discussed above the ALJ erred in assessing plaintiff's RFC, the hypothetical questions posed by the ALJ cannot be said to completely and accurately describe all of plaintiff's limitations, and thus the vocational expert's testimony and the ALJ's step five determination also cannot be said to be supported by substantial evidence or to be free of error.

Defendant argues any error the ALJ committed here – and in evaluating the opinion of Dr. Mayers and in assessing plaintiff's RFC – is harmless, because the descriptions of each of the above three jobs contained in the Dictionary of Occupational Titles ("DOT") indicate that none of them require any social interaction. It is true that the DOT's descriptions of each of those jobs provide that dealing with people (*i.e.*, taking instructions or helping) is "Not Significant," and that talking and hearing is "Not Present." DOT 739.687-030, 1991 WL 680180; DOT 726.687-010, 1991 WL 679633; DOT 739.687-182, 1991 WL 680217. This does not necessarily mean, however, that *no* social interaction is required. For example, as just noted dealing with people is

ORDER - 9

described as being not significant rather than being completely absent. In addition, while talking and hearing are apparently not present, each job still requires the ability to speak. *See id.*

The Court notes as well that regardless of the level of social interaction involved in each of the jobs, an individual performing them may very well come in contact with more than one or two people, contrary to the limitation assessed by Dr. Mayers. As discussed above, Dr. Mayers specifically opined that plaintiff was "probably able to socialize with others and would be able to interact with others in the workplace," but that anxiety had been a problem for her, and therefore "she would function best in a work-related situation that does not include anyone else or more than one or two people." AR 463. In other words, the problem identified by Dr. Mayers appears to be having to be around others irrespective of the extent of social interaction required, and the DOT's descriptions of at least two of the above jobs indicate that being around more than one or two people may be required. *See, e.g.,* DOT 726.687-010, 1991 WL 679633 ("[r]eceives verbal or written instructions from supervisor"; "[m]oves parts and finished components to designated areas of plant"); DOT 739.687-182, 1991 WL 680217 ("[e]xamines squares (tiles) of felt-based linoleum material passing along on conveyor").

IV.     This Matter Should Be Remanded for Further Administrative Proceedings

The Court may remand this case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." *Id.*

ORDER - 10

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292; *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002). Because issues still remain in regard to the medical evidence in the record, plaintiff's RFC and her ability to perform other jobs existing in significant numbers in the national economy, remand for further consideration of those issues is warranted.

## CONCLUSION

Based on the foregoing discussion, the Court hereby finds the ALJ improperly concluded plaintiff was not disabled. Accordingly, defendant's decision to deny benefits is REVERSED and this matter is REMANDED for further administrative proceedings in accordance with the findings contained herein.

DATED this 30th day of September, 2015.

Karen L. Strombom
United States Magistrate Judge

ORDER - 11